■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY KERR, Appellant.—Judgment, Supreme Court, Bronx County, rendered July 10, 1974, convicting defendant of the crime of criminal possession of a dangerous drug in the fourth degree, is unanimously reversed, on the law, and the case is remanded for a new trial. Appellant was convicted, after a trial by jury, of the crime of criminal possession of a dangerous drug in the fourth degree. The appellant and her codefendant (her daughter) were arrested after the police forced entry into an apartment, pursuant to a valid search warrant, and discovered in a room in which the two women were present 246 glassine envelopes which contained heroin. At the trial appellant and her codefendant were represented by the same attorney and the court made no inquiry as regards the possibility of conflict. Over the protestations of defense counsel, the Trial Judge in his charge directed the jury to return a joint verdict in respect to both defendants. Additionally, the court required counsel to sign a voting sheet which confirmed the court's instructions that only a joint verdict, and not separate verdicts, was permissible. A trial court has the duty to make an inquiry on the record when faced with dual representation and should recognize that defendants may not perceive existence of a conflict. *(People v Gomberg,* 38 NY2d 307.) Respondent cites *United States v Sheiner* (410 F2d 337) for the proposition that the choice of attorney should not be interfered with. In that case, however, the court alerted the codefendants to the possible dangers of corepresentation. In this case the trial court's instruction as to a joint verdict was patently prejudicial. CPL 300.10 (subd 3) in pertinent part provides: "In its charge, the court must define each offense so submitted and, except as otherwise expressly provided, it must instruct the jury to render a verdict separately and specifically upon each count submitted to it, and with respect to each defendant if there be more than one". The defendant was deprived of a proper charge and that deprivation in conjunction with the trial court's failure to make proper inquiry as to joint representation, mandates reversal. The contention that the issue was not preserved for appellate review for lack of objection is rejected, because it is clear that counsel made known his dissatisfaction with the court's decision to ask the jury for a joint verdict. Even if we were to accept the People's contention, fundamental defects cannot be waived and in that event we would reverse and grant a new trial as a matter of discretion in the interest of justice. *(People v Patterson,* 39 NY2d 288, affd 432 US 197.)* Concur—Lupiano, J. P., Birns, Evans, Lane and Sullivan, JJ.