■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BIONDO and JOANN RAIMONDI, Appellants.—Appeal by defendants from two judgments of the Supreme Court, Suffolk County, both rendered April 29, 1976 (one as to each of them), convicting them of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgments reversed, on the law, and new trial ordered. Defendants were indicted in connection with the unlawful taking of jewelry from the Long Island Diamond and Jewelry Exchange in Huntington, New York, on April 18, 1975. At trial, the defendants were represented by the same attorney. It appears from the record that the Trial Judge failed to inquire whether the defendants were aware of the risks involved in their joint representation (see *People v Gomberg,* 38 NY2d 307). The People's case consisted primarily of the testimony of one John Sweeney, who, by his own admission, had fenced the jewelry allegedly stolen by defendants. Sweeney stated that he had met with them on the night of the burglary, and that they had related to him how the theft had been accomplished. Defendant Raimondi, who was employed by the exchange at the time, had given defendant Biondo a key to the jewelry cases while the store was still open, and had hidden him in a closet in the ladies' room. After the exchange closed, and Raimondi and the other employees had left, Biondo emerged from the ladies' room. He opened the cases, collected the jewelry, and left the premises. Sweeney admitted that when testifying against Biondo before the Grand Jury on a prior occasion he had not implicated Raimondi. Additional testimony for the People was provided by one Bernard Bolender who stated that on two prior occasions he had driven to the exchange, accompanied by Biondo, with the aim of stealing jewelry. On each occasion, Bolender, after arriving on the premises of the exchange, had decided against the theft. Defense counsel objected to Bolender's testimony. However, the attorney did not request that the jury be instructed that Bolender's testimony was inadmissible against Raimondi, and the court did not so charge. Each of the defendants took the stand. Raimondi admitted that she had been an employee of the exchange and that she had possessed keys to the showcases. She denied giving Biondo the keys on the night in question or having participated in the burglary in any way. Biondo corroborated Bolender's statement that the two men had driven to the exchange on two occasions and that Bolender had apparently intended to steal jewelry. He denied any involvement in the April 18, 1975 burglary. Biondo's mother and father, called as alibi witnesses by the defense, testified that Biondo had been home on the night in question. In view of the different roles allegedly played by Biondo and Raimondi in the burglary and the differing nature of their defenses, it is our opinion that a conflict of interest existed between the defendants. In such circumstances, the failure of the Trial Judge to conduct the inquiry prescribed by *People v Gomberg* (38 NY2d 307, *supra)* requires reversal of the convictions (see *People v Allini,* 60

AD2d 886). Hopkins, J. P., Titone, Suozzi and Cohalan, JJ., concur.