petition dismissed, without costs and without disbursements. No opinion. Concur—Birns, J. P., Fein, Markewich, Lupiano and Ross, JJ.

■    In the Matter of THE PEOPLE OF THE STATE OF NEW YORK v HENRY CANNON.—Motion for a writ of habeas corpus, the assignment of counsel, a free transcript of trial minutes and for reargument denied in all respects. Concur—Murphy, P. J., Sandler, Bloom, Yesawich and Ross, JJ.

■    In the Matter of JAMES HANLON, an Attorney, Respondent.—Respondent's resignation accepted and respondent's name stricken from the roll of attorneys and counselors at law in the State of New York effective July 26, 1976. Concur—Sandler, J. P., Bloom, Markewich, Lupiano and Silverman, JJ.

## (December 20, 1979)

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON LEWIS, Appellant.—Judgment, Supreme Court, New York County, rendered on January 4, 1978, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Murphy, P. J., Kupferman, Fein, Sullivan and Ross, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON LEWIS, Appellant.—Motion to relieve assigned counsel denied. Concur—Murphy, P. J., Kupferman, Fein, Sullivan and Ross, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MONROE, Appellant.—Judgment, Supreme Court, Bronx County, rendered on March 16, 1979, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRINSTON HEDRINGTON, Appellant.—Judgment, Supreme Court, New York County, rendered on October 19, 1978, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.

■    BOARD OF MANAGERS OF VILLAGE HOUSE, Respondent-Appellant, v PARIS B. FRAZIER et al., Appellants-Respondents.—Order, Supreme Court, New York County, entered June 12, 1979, which, *inter alia,* granted plaintiff's motion for a preliminary injunction, affirmed, without costs. We agree with Special Term that defendant Frazier violated Justice Nadel's order, entered March 28, 1979, and the by-laws by leasing and permitting the occupancy of his condominium unit without giving the plaintiff board the right of first refusal. For this reason, Special Term correctly granted the preliminary injunction. However, since the plaintiff board did not make a clear showing that the so-called "common charges" were properly entered against defendant Frazier's unit, we would not have granted an injunction on that ground. We also take this opportunity to correct a factual misstate-