THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN
L. DAVIS, Appellant.

Fourth Department, December 21, 1979

### APPEARANCES OF COUNSEL

*Fiesinger, Rose & Fiesinger (George Fiesinger* of counsel), for appellant.

*Richard D. Enders (Michael Daley* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

The matter before us, pursuant to CPL 460.15, arises from an order of CARDAMONE, J., certifying a question of law or fact which ought to be reviewed by this court. The issue presented for our determination is whether the defendant, John L. Davis, was deprived of the effective assistance of counsel because the same court-appointed attorney represented both him and a codefendant at trial.

Defendant Davis and two codefendants, Charles Streiff and Richard Payne, each gave written statements implicating himself and his codefendants in the strangulation death of Martha Kirk. They were jointly charged in a three-count indictment alleging that, while acting together and in concert and each being the accomplice of the other, (1) they attempted to commit the crime of rape in the first degree and in the course of and in furtherance of such crime, caused the death; (2) they recklessly caused the death; and (3) they with criminal negligence caused the death.

Streiff was represented by retained counsel while Davis and Payne were jointly represented by the same court-appointed counsel from the Public Defender's office. Only Streiff moved for a severance and a separate trial which was denied and a joint trial held. At a *Huntley* hearing prior to trial, the court found the statements had been made freely and voluntarily and in accordance with defendants' constitutional rights. After redacting certain portions of each statement that implicated the other defendants, it ruled that they were admissible on trial. Each defendant testified at trial denying any involve-

ment in the crime and claimed that his statement had been coerced. The jury convicted all three defendants of felony murder under the first count of the indictment. That judgment was affirmed on appeal to this court (People v Streiff, 41 AD2d 259). On that appeal, as well as on the subsequent appeal to the Court of Appeals, Davis and Payne were again represented by the same court-appointed counsel. The Court of Appeals affirmed the convictions of Davis and Payne, but reversed the conviction of Streiff and ordered a new trial for him based upon a finding that the trial court was in error in denying his motion for separate trial (People v Payne, 35 NY2d 22). Upon retrial, Streiff was convicted of criminally negligent homicide.

Defendant Davis' family retained an attorney who commenced proceedings in the nature of coram nobis (CPL 440.10) to vacate defendant's conviction on the ground that he was denied effective assistance of counsel by reason of the same court-assigned attorney representing both him and his co-defendant Payne. The trial court in denying defendant's motion expressed "[t]he hope that an allowance of appeal will be granted in this case because of the serious constitutional questions involved, and a resolution thereof may serve as a guide to our trial courts in post-conviction applications."

The Sixth and Fourteenth Amendments guarantee the right to effective assistance of counsel (Powell v Alabama, 287 US 45). Such right is guaranteed by both the Federal and State Constitutions and by statute in New York (US Const, 6th Amdt and 14 Amdt; NY Const, art I, § 6; CPL 210.15, subd 2). Effective representation requires counsel's undivided loyalty to the client. Undivided loyalty of appointed counsel to client is essential to due process (MacKenna v Ellis, 280 F2d 592). It is this obligation of loyalty which is at issue when an attorney undertakes to represent two or more criminal defendants in the same or related proceedings. Appointment by the trial court of one attorney to represent codefendants when it was aware of possibly inconsistent interests was an infringement of the defendant's fundamental right to the effective assistance of counsel (Glasser v United States, 315 US 60). Whenever a trial court improperly requires joint representation by one appointed attorney, over timely objection, there is a violation of the constitutional guarantee of effective assistance of counsel which requires reversal (Holloway v Arkansas, 435 US 475, 488). Thus, had there been timely objection in the

instant case, reversal would have been automatic. However, defendant's court-appointed attorney made no such objection.

Joint representation of multiple defendants is not per se a denial of the effective assistance of counsel *(People v Gonzalez,* 30 NY2d 28, 34, cert den 409 US 859; *Holloway v Arkansas, supra,* at p 482). The right of a defendant to receive effective legal representation, however, may be substantially impaired if one lawyer represents the conflicting interests of a number of defendants *(People v Gomberg,* 38 NY2d 307). This imposes a weighty responsibility upon the trial court of determining whether defendant's decision to proceed with one attorney is an informed decision *(People v Gomberg, supra,* at p 313). It is imperative that proper safeguards be utilized to insure that the defendant is afforded adequate legal representation in a situation where defendants are jointly represented by the same attorney at trial. It is incumbent upon the Trial Judge to ascertain on the record whether each defendant is cognizant of the potential risk inherent in the simultaneous representation of codefendants at trial where a potential conflict exists between the defenses sought to be established by each defendant *(People v Macerola,* 47 NY2d 257).

Defendant asserts that there was a conflict of interest in the same court-assigned attorney representing both him and his codefendant Payne and that this conflict manifested itself in the pretrial stages, during the trial, and during the appellate proceedings. The record supports defendant's assertions.

Each of the defendants signed a statement admitting some degree of involvement in the disappearance and death of Martha Kirk and implicating his codefendants. Although the statements are in substantial agreement that the defendants, upon seeing Martha Kirk in her car, drunk and unconscious, removed her to their vehicle and proceeded to a secluded area, there is some disagreement as to exactly what happened at that scene. The greatest disparity is found in the statements of Streiff and codefendant Richard Payne *(People v Payne,* 35 NY2d 22, 25), although there is also disparity to be found in the statements of the defendant Davis and codefendant Payne. Only Streiff, who was represented by retained counsel, moved for a severance and a separate trial. The Court of Appeals set aside the conviction of defendant Streiff on the ground that the trial court erred in not granting his motion to sever. The court held that Streiff's rights were substantially prejudiced when he was tried together with codefendant Payne whose

confession went far beyond a personal acknowledgment of guilt, by drawing his companions to the scene of his sexual advances and where, according to him, they stood about overseeing his conduct and anxiously awaiting their turn *(People v Payne, supra,* at p 29). No such motion was made by the Public Defender jointly representing Davis and Payne.

This error was compounded at the trial when each of the defendants took the witness stand to deny his involvement in the crime and repudiate his confession. The Public Defender jointly representing both Davis and Payne failed to cross-examine Payne when he took the witness stand. The record is devoid of any showing that the Trial Judge made any inquiry as to whether the defendants perceived the potential risks inherent in such joint representation. Defendant Davis asserts in his affidavit made in connection with his *coram nobis* application that he had no understanding of the dual representation and that he did not understand about any conflict of interest. The absence of a proper inquiry prevents proper evaluation on review as to whether defendant's decision to proceed with a single court-appointed attorney was made knowingly and intelligently, or whether he merely acquiesced to such joint representation out of ignorance. This conclusion is buttressed by defendant's youth, low I.Q. and inexperience with the criminal justice system. Also, on this record, there is a total absence of proof of any effective waiver of defendant's rights (cf. *People v Dell,* 60 AD2d 18).

The Court of Appeals in *People v Macerola (supra)* has recently reaffirmed the safeguards which must be employed to insure that a defendant in a joint representation situation is afforded adequate legal assistance. It specified that "before the formal commencement of trial, it is the responsibility of the Trial Judge, independent of the attorney's obligation to inform his clients of any conflicting interests which may hinder his representation, to 'ascertain, on the record, whether each defendant [represented by the same attorney] has an awareness of the potential risks involved in that course and has knowingly chosen it.' *(People v Gomberg,* 38 NY2d, at pp 313-314, *supra; see, e.g., Glasser v United States,* 315 US 60, 71, *supra; United States v Wisniewski,* 478 F2d 274, 285; *People v Coleman,* 42 NY2d 500, 508-509; *People v Rivera,* 62 AD2d 767, 770; *People v Kerr,* 61 AD2d 762; *People v Allini,* 60 AD2d 886, 889-890; ABA Standards Relating to the Function of the Trial Judge, § 3.4.) * * * Only after sufficient admoni-

tion by the trial court of the potential pitfalls of joint representation can it be said that a defendant's right to the effective assistance of counsel is adequately safeguarded. If such admonition does appear on the record, appellate courts are able to determine whether a defendant's decision to retain his attorney is indeed an informed choice." *(People v Macerola, supra,* p 263.) Here, no inquiry was made or precaution taken to insure that defendants perceived the potential risks inherent in their joint representation. From the record herein such omission constitutes reversible error which mandates vacating the judgment of conviction and granting a new trial on the original indictment *(People v Biondo,* 67 AD2d 1003).

■ Although *People v Macerola (supra)* does not address itself to the question of joint representation of multiple defendants by a single court-assigned attorney, it does provide the needed guidance requested by the trial court. Due to the many situations which give rise to a possible conflict of interest, and which cannot be anticipated, it is impractical to formulate or attempt to formulate realistic guidelines or a standard. Although normally a conflict exists only when the individual defenses "run afoul of each other" *(People v Gonzalez, supra),* nevertheless "courts must remain ever vigilant in their duty to ensure that a defendant receives effective legal representation" *(People v Macerola, supra,* at p 262). We suggest that Trial Judges, in appointing assigned counsel, appoint separate counsel initially for each defendant, unless after such appointment both the defendants, court-appointed counsel and the Trial Judge agree that dual representation would benefit all involved. This should eliminate problems which arise when the court appoints one counsel to represent more than one defendant, free the already clogged courts from needless, costly appeals, and serve to protect the accused's constitutional right to the effective assistance of counsel (see Conflict of Interests: Multiple Defendants Represented by a Single Court-Appointed Counsel, 74 Dick L Rev 241, 259).

HANCOCK, JR., J. P., SCHNEPP, DOERR and MOULE, JJ., concur.

Order unanimously reversed, on the law and facts, motion granted, judgment vacated and a new trial granted.