OPINION OF THE COURT

Per Curiam.

The issue presented on this appeal is whether defendant was deprived of effective assistance of counsel by reason of his attorney’s joint representation of both defendant and his codefendant in negotiating a plea bargaining agreement. While we hold today that in accepting a guilty plea from a jointly represented defendant, the court must act to safeguard a defendant’s right to effective assistance of counsel, we conclude, on the facts of this case, that defendant has not established that a significant possibility of a conflict of interest existed as to warrant a reversal of his conviction.
Defendant was indicted along with his codefendant for the crimes of attempted murder in the second degree, assault in the first degree, and two counts of criminal possession of a weapon in the second degree. Pursuant to a plea bargaining agreement negotiated by the attorney for both defendants, defendant pleaded guilty to attempted assault in the first degree.[1] While the court determined at the time of defendant’s plea that it was made in a knowing and voluntary manner, it did not ascertain whether defendant perceived the risks involved in representation of himself and his co-defendant by the same attorney.
Prior to sentencing, defendant retained separate counsel and moved to withdraw his guilty plea on the ground that his former attorney’s representation involved a conflict of interest. The court conducted a full hearing on this motion. Defendant claimed that his former attorney had told, him that if he pleaded guilty, his codefendant would be treated more leniently. That attorney denied ever having made such a statement. Substituted counsel argued that an “intrinsic *38 conflict of interest” existed, because defendant had not been advised of the possibility of success if his case went to trial.
The court, in denying the motion, found that original counsel had properly and fully advised his two clients as to their alternatives, that defendant’s plea was knowingly and voluntarily made, and that no adequate showing had been made that defendant had been deprived of effective assistance of counsel. Finally, the court, after reviewing the evidence in the People’s possession, noted that defendant’s attorney had negotiated a very fair disposition of the charges against defendant. Thereafter, the court sentenced defendant to an indeterminate sentence not to exceed four years, pursuant to the plea bargaining agreement. The Appellate Division unanimously affirmed the judgment of conviction, without opinion. There should be an affirmance.
Initially, we deal with the question of whether our prior holdings in the area of joint representation, to the effect that the trial court must ascertain on the record whether jointly represented defendants perceive the risks of that representation (People v Macerola, 47 NY2d 257; People v Gomberg, 38 NY2d 307), should be applied in a case where one attorney negotiates a plea bargain for multiple defendants. While we adhere to our belief that joint representation is not per se violative of a defendant’s right to effective assistance of counsel (People v Macerola, 47 NY2d 257, 264, supra), we hold that prior to accepting a guilty plea from a jointly represented defendant, the court must ascertain, on the record, whether the “defendant’s decision to proceed with his attorney is an 'informed decision” (People v Gomberg, 38 NY2d 307, 313, supra)[2] The problems of joint representation are no less acute at the plea bargaining stage than at the trial (see, generally, Girgenti, Problems of Joint Representation of Defendants in a Criminal Case, 54 St John’s L Rev 55).
*39 However, in a case where the court has accepted a guilty plea without first assuring that the defendant understands the risks of joint representation, a reversal of defendant’s conviction on appeal will result only when there is a “significant possibility” that a conflict of interest existed (People v Macerola, 47 NY2d 257, 264, supra).
In the present case, the court did not ascertain, prior to accepting defendant’s plea, that his decision to proceed with joint representation was an informed decision. However, on the presentencing motion to withdraw the plea, the court did hold a hearing to determine whether a conflict of interest existed. While this is not the preferred procedure, the findings of fact made by the court after this hearing and affirmed by the Appellate Division, are entitled to great weight on review in this court. Thus, the court below found that original counsel had properly apprised defendant of the alternatives open to him, and that defendant was not subjected to any undue pressures in accepting the plea bargain arranged by that counsel.
The court thus did not credit defendant’s claim that prior counsel had induced him to plead guilty to help his codefendant. While defendant’s substituted counsel argued that an intrinsic conflict of interest existed, because prior counsel did not inform defendant of the possibility of success if he went to trial, the court found that counsel had in fact fully apprised defendant of all of his alternatives. Where, as here, defendant has had an opportunity to establish, on the record, the basis for his claim of a conflict of interest and has failed to do so, it cannot be said that it was error as a matter of law for the Appellate Division to have affirmed the decision of Supreme Court concluding that no significant possibility of a conflict of interest existed.
Accordingly, the order of the Appellate Division should be affirmed.

. The codefendant pleaded guilty to assault in the first degree and was sentenced to an indeterminate term not to exceed nine years.

. The rule under the Federal Constitution differs, as the Supreme Court recently held (Cuyler v Sullivan, 446 US 335). Under the Sixth Amendment to the United States Constitution, the trial court need not initiate an inquiry of jointly represented defendants unless it has reason to know that a conflict may actually exist. Further, a defendant who raises no objection to multiple representation at trial must demonstrate that an actual conflict of interest existed to adversely affect his lawyer’s performance, to establish a violation of the Sixth Amendment.