Ronald MONROE, Petitioner,

v.

The STATE of New York, Respondent,

v.

The ATTORNEY GENERAL of the
STATE OF NEW YORK,
Additional Respondent.

No. 82 Civ. 1151.

United States District Court,
S. D. New York.

May 21, 1982.

Paul D. Montclare, New York City, for petitioner.

Mario Merola, Dist. Atty., Bronx County, New York City, for respondents; Billie Manning, Alan D. Kaplan, Asst. Dist. Attys., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The petitioner, Ronald Monroe, was indicted in the Supreme Court of the State of New York, Bronx County, together with Frederick Bryant, on a charge of attempted murder in the second degree, assault in the first degree and two counts of criminal possession of a dangerous weapon in the second degree. The two defendants were represented by the same attorney. Petitioner, pursuant to a plea and sentence bargain, pled guilty to attempted assault in the first degree. Bryant pled guilty to assault in the first degree. Petitioner's plea was accepted only after an allocution following which the court found his plea was voluntary and that it constituted a knowing and intelligent waiver by petitioner of his constitutional right to trial by jury.

Before sentence on September 25, 1978, petitioner, represented by newly retained counsel, moved orally to withdraw his guilty plea upon a claim that a conflict of interest existed by reason of the joint representation by his former attorney of petitioner and his co-defendant, Bryant. Specifically, petitioner contended that his former attorney had told him if he pled guilty his co-defendant would be treated more leniently.

On January 24, 1979, a hearing was held on petitioner's application at which petitioner's former attorney was questioned by the court with respect to the issue that was raised by petitioner's motion. The attorney denied he had told petitioner to plead guilty so that his co-defendant would be treated more leniently and asserted he perceived no conflict of interest in the joint representation of both defendants. Petitioner himself was questioned by the court as to the circumstances that led to the entry of his guilty plea. Petitioner's counsel argued that "as a matter of law there's a conflict of interest."

On March 16, 1979, the court made findings of fact that there was no conflict of interest in the joint representation of the defendant. The Court found that petitioner had been advised of all alternatives flowing from trial as against the entry of a guilty plea; that a fair plea had been obtained for petitioner due to the effective assistance of counsel; that petitioner's plea was "made freely and with full knowledge of the consequences and with the full benefit of legal counsel"; and, finally, that no

adequate showing had been made that petitioner was deprived of the effective assistance of counsel due to the joint representation of both defendants. Accordingly, petitioner's motion to withdraw his guilty plea was denied. He was sentenced to a term of imprisonment not to exceed four years.[1]

Upon petitioner's appeal, the Appellate Division affirmed the judgment of conviction without opinion.[2] Thereafter, the New York State Court of Appeals upheld petitioner's conviction by a 4 to 3 vote.[3] Petitioner's application for a writ of certiorari was denied by the Supreme Court of the United States.[4] Petitioner then commenced this habeas corpus proceeding pursuant to 28 U.S.C., section 2254.

Petitioner contends that the denial of his application to withdraw his guilty plea based upon his claim of his attorney's conflict of interest in the joint representation of petitioner and his co-defendant deprived him of his right to the effective assistance of counsel under the Sixth Amendment. He also claims that the hearing conducted on his motion to withdraw his guilty plea deprived him of an adequate opportunity to establish that a conflict of interest existed in violation of his right to due process of law under the Fourteenth Amendment.

A threshold question is whether petitioner has exhausted available state remedies as required by section 2254. This requirement is not a mere technicality but one of substance since it implicates federal-state relations and involves a proper respect for the state judicial process.[5] The state courts no less than the federal courts are duty bound to protect the federal constitutional rights of their citizens,[6] and the Supreme Court has been insistent that the state courts must be given the first opportunity to correct an alleged constitutional violation by the presentation to the state court of the same federal constitutional claims as that upon which federal habeas corpus jurisdiction is invoked. As stated by the Supreme Court,

Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.[7]

Recently, our Court of Appeals has emphasized the importance of clearly identifying the precise federal constitutional violation that is urged for reversal of a state court's action.[8]

---

1. Bryant was sentenced to a term of imprisonment not to exceed nine years. He appealed upon a claim that his sentence was excessive. The conviction was affirmed without opinion. 78 A.D.2d 1017, 435 N.Y.S.2d 423 (1980).

2. 73 A.D.2d 563, 423 N.Y.S.2d 358 (1979).

3. 54 N.Y.2d 35, 444 N.Y.S.2d 578, 429 N.E.2d 97 (1981) (per curiam).

4. —— U.S. ——, 102 S.Ct. 1446, 71 L.Ed.2d 660 (1982).

5. See Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981) ("[t]he courts of this Circuit have adopted a two-stage inquiry for determining whether the requisite exhaustion has occurred. First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts.... Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim"); United States ex rel.

Knight v. Fay, 232 F.Supp. 910, 912 (S.D.N.Y. 1964).

6. Ex parte Royall, 117 U.S. 241, 248, 251, 6 S.Ct. 734, 738, 740, 29 L.Ed. 868 (1886).

7. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); see Gayle v. LeFevre, 613 F.2d 21, 22–23 (2d Cir. 1980); Johnson v. Metz, 609 F.2d 1052, 1054–55 (2d Cir. 1979).

8. Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981) (the petitioner must not only have made the same factual complaint to the state court, but his state court brief must have contained words, such as "under the due process clause" or "under the Constitution," that expressly spell out the petitioner's reliance on the United States Constitution as his legal basis for relief); Daye v. Attorney General of New York, 663 F.2d 1155, 1156–57 (2d Cir. 1981); Gayle v. LeFevre, 613 F.2d 21, 22–23 (2d Cir. 1980); Johnson v. Metz, 609 F.2d 1052, 1054–55 (2d Cir. 1979).

A fair reading of the New York State Court of Appeals ruling on petitioner's appeal leaves no room for doubt that what was presented to and considered by that court was whether its existing rule, that a trial court must ascertain on the record whether jointly represented defendants upon a trial perceive the risks of that representation,[9] also applied where one attorney negotiates a plea bargain for multiple defendants. The court, after noting that joint representation was not a per se violation of defendant's right to effective assistance of counsel, held that its existing rule also applied when there is joint representation upon the entry of a plea without a trial, and that where a court had accepted a guilty plea without conforming to this requirement, a reversal of a defendant's conviction upon appeal will result only when there is "a significant possibility" that a conflict of interest existed.[10] The Court of Appeals then noted that

> [i]n the present case, the court did not ascertain, prior to accepting defendant's plea, that his decision to proceed with joint representation was an informed decision. However, on the presentencing motion to withdraw the plea, the court did hold a hearing to determine whether a conflict of interest existed. While this is not the preferred procedure, the findings of fact made by the court after this hearing and affirmed by the Appellate Division, are entitled to great weight on review in this court. Thus, the court below found that original counsel had properly apprised defendant of the alternatives open to him, and that defendant was not subjected to any undue pressures

in accepting the plea bargain arranged by that counsel.

The court thus did not credit defendant's claim that prior counsel had induced him to plead guilty to help his codefendant. While defendant's substituted counsel argued that an intrinsic conflict of interest existed, because prior counsel did not inform defendant of the possibility of success if he went to trial, the court found that counsel had in fact fully apprised defendant of all of his alternatives. Where, as here, defendant has had an opportunity to establish, on the record, the basis for his claim of a conflict of interest and has failed to do so, it cannot be said that it was error as a matter of law for the Appellate Division to have affirmed the decision of Supreme Court concluding that no significant possibility of a conflict of interest existed.[11]

A reading of the dissenting opinion likewise makes it abundantly clear that what the Court of Appeals considered was its rule that required the court to make inquiry of a defendant with respect to either joint representation upon a trial or upon the entry of a guilty plea prior to trial, to ascertain on the record whether the defendant perceived the risk of that representation, and the consequences of non-conformance. So, too, the brief submitted by petitioner to the Court of Appeals emphasized that his claim with respect to the effective assistance of counsel was not grounded upon alleged violation of federal constitutional rights. No express mention was made of any claim of violation of constitutional rights under the Sixth and Fourteenth Amendments. It is clear the court concentrated upon his claims

---

**9.** *People v. Macerola*, 47 N.Y.2d 257, 417 N.Y. S.2d 908, 391 N.E.2d 990 (1979); *People v. Gomberg*, 38 N.Y.2d 307, 379 N.Y.S.2d 769, 342 N.E.2d 550 (1975). While New York imposes upon the trial judge the affirmative duty to make inquiry of jointly represented defendants, the New York Court of Appeals has noted that the rule under the Federal Constitution is less stringent in that it does not require the trial court to initiate such inquiry unless it has reason to know that a conflict may actually exist. Further, to establish a violation of the Sixth Amendment, a defendant who raises no objection to multiple representation at trial must

demonstrate that an actual conflict of interest existed to adversely affect his lawyer's performance. *People v. Monroe*, 54 N.Y.2d 35, 444 N.Y.S.2d 578, 579 n.2, 429 N.E.2d 97 (1981) (per curiam) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)).

**10.** *People v. Monroe*, 54 N.Y.2d 35, 444 N.Y. S.2d 578, 579, 429 N.E.2d 97 (1981) (per curiam).

**11.** 54 N.Y.2d at 39, 444 N.Y.S.2d at 579–80, 429 N.E.2d at 98–99.

that (1) there was an intrinsic conflict of interest arising out of joint representation and (2) the court's failure to comply with the state's requirement to conduct an inquiry *before* acceptance of the plea constituted reversible error. Thus, petitioner failed to meet the first prong of the two-stage inquiry, to wit, failure to present to the state courts the same federal constitutional claim he now urges in support of his application for a writ of habeas corpus.

Moreover, entirely apart from his failure to exhaust state remedies with respect to his Sixth Amendment claim, petitioner never presented the state courts with his claim that the hearing on his application to withdraw his guilty plea violated the due process clause of the Fourteenth Amendment. In fact, he failed to make any claim in the state courts regarding the hearing. His argument on appeal was limited to the alleged conflict of interest arising out of the joint representation of his case. Even if petitioner exhausted state remedies as to other claims, the Court is, nevertheless, required to dismiss habeas petitions containing both unexhausted and exhausted claims.[12]

Accordingly, the petition is dismissed for failure to exhaust state remedies. So ordered.

---

**12.** *Rose v. Lundy,* —— U.S. ——, 102 S.Ct.     1198, 71 L.Ed.2d 379 (1982).