OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be reversed and a new trial ordered.
 

 At a trial in 1978 for assault, arising out of a brawl in a public place involving a number of young men, the defendant and four codefendants were represented by one attorney. The defendant claims on this appeal that the court failed to adequately advise him of a potential conflict of interest
 
 (People v Gomberg, 38
 
 NY2d 307). We agree.
 

 At the beginning of the trial the court asked the defendant and his codefendants if they were aware of the joint representation, if they had discussed the matter with the attorney and knew of any reason why they should not be represented by the same attorney. However, the court never clearly informed the defendant that he had a right to separate counsel or attempted to alert the defendants, even in general terms to the potential conflict of interest (cf.
 
 People v Lloyd,
 
 51 NY2d 107). In this case it cannot be said that there was no possibility of prejudice as a result of the joint representation. In a case involving so many eyewitnesses to a fight among strangers the evidence could and did show that many witnesses were unable to identify individual defendants as participants. In fact, few of the witnesses were able to identify the defendant as an assailant. Thus counsel could hardly emphasize the weakness of the identification of one defendant without implicitly underscoring the strength of the case against one or more of the others.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Judge Gabrielli taking no part.
 

 Order reversed, etc.