Chief Judge Cooke
(concurring). I agree that defendant has not suffered a deprivation of his constitutional right to effective assistance of counsel. I do not, however, perceive any rationale supporting or warranting adoption of different standards for reviewing cases based on whether or not defendants represented by the same attorney were tried jointly. The defendant whose representation is subject to a potential conflict of interest and who faces trial at a different time than his codefendant is no less deserving of protection from denial of the right to effective assistance of counsel than is a defendant jointly tried with a codefendant. Potentially, defendants in either situation would be equally vulnerable to conflicts of interest. And, in each instance, the defendant would not be apprised of the dangers of joint representation. The crucial predicate focus in *32 all cases of claimed ineffective assistance is on the representation itself.
The majority would nevertheless impose a stricter standard on a defendant who, although represented by an attorney who also represents a codefendant, is tried at a later time than the codefendant. Under the majority’s formulation, a defendant jointly represented but tried after his or her codefendant “is not entitled to a new trial merely because he can show that, a priori, there was a significant possibility that a conflict of interest did exist.” (Majority opn, at p 30; see, also, People v Monroe, 54 NY2d 35, 39; People v Macerola, 47 NY2d 257, 264.) Rather, “he must demonstrate that the conduct of his defense was in fact affected by the operation of the conflict of interest.” (Majority opn, at p 31.) Although the majority does not make clear what constitutes an “affected” defense or how this may be proven, as a practical matter, it appears that the majority would require a defendant to show that his defense was actually prejudiced due to his attorney’s representation of a codefendant. In any event, it is difficult to conceive a difference between a prejudicial defense and an affected defense. No rationale is proffered to justify a differing approach.
When a Trial Judge has failed to conduct a pretrial colloquy, the claim of joint representation resulting in ineffective assistance of counsel is always reviewed in identical contexts. Whether it is first raised on appeal or it is presented as a posttrial motion in the trial court itself, the matter is determined with the benefit of a full trial record being available. Yet, this court has never before required a defendant to show “the exact prejudice resulting from the defendants’ joint representation. The right of every person accused of committing a crime to the effective assistance of counsel is too fundamental to tolerate such conjecture by appellate courts, especially where * * * the prejudice which results when one attorney represents codefendants with conflicting interests may never clearly manifest itself in the record.” (People v Macerola, 47 NY2d 257, 265, supra.)
The majority’s implication that a trial court, in cases such as this, can be under no obligation to initiate an *33 inquiry with defendant* (see majority opn, at p 29) is irrelevant to the dispositive question of whether the defendant was actually provided with effective assistance of counsel, notwithstanding the joint representation. Moreover, in People v Monroe (supra) this court applied the prevailing standard of whether the defendant had established a “significant possibility” of a conflict of interest, in circumstances in which the defendant had not been jointly tried with his codefendant. Therefore, given the absence of a distinction between the classes of defendants that would justify providing less protection to one, I would hold, as this court’s prior decisions have held, that the defendant need only show the “significant possibility” of a conflict of interest before he or she is entitled to a new trial (see People v Monroe, 54 NY2d 35, 39, supra; People v Macerola, 47 NY2d 257, 264, supra). In the present appeal, having demonstrated at best only a tenuous possibility of a conflict arising from the attorney’s representation of a codefendant, defendant has failed to meet this burden.
Judges Jasen, Wachtler, Meyer and Kaye concur with Judge Jones; Chief Judge Cooke concurs in result in a separate opinion; Judge Simons taking no part.
Order affirmed.

 Indeed, whenever a trial court is aware that a defendant is jointly represented, it has a duty to advise the defendant of the risks of joint representation (see People v Gomberg, 38 NY2d 307, 314).