■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CABRERA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 8, 1983, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Judgment reversed, on the law, plea vacated, and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On March 9, 1983 defendant and Otoneil Adan were arrested after both were found in a car which contained a loaded revolver. They were each charged with attempted criminal possession of a weapon in the third degree and on April 15, 1983 defendant pleaded guilty to the felony of attempted criminal possession of a weapon in the third degree and Adan, represented by the same lawyer, pleaded guilty to the misdemeanor charge of attempted possession of gambling records.

We now reverse defendant's judgment of conviction. Before accepting the pleas, the trial court was obligated to ascertain on the record whether each defendant was cognizant of the potential risks inherent in their simultaneous representation by the same attorney (*People v Monroe,* 54 NY2d 35, *cert denied* 455 US 947; *People v Gomberg,* 38 NY2d 307). The court failed to apprise defendant of the dangers of joint representation. Under the circumstances of this case, and particularly in light of the presumption of unlawful possession of the weapon equally applicable to each defendant (Penal Law § 265.15), we conclude that there was a significant possibility of a conflict of interest in the joint representation (*People v Philip L. S.,* 57 NY2d 820; *People v Crump,* 53 NY2d 824; *People v Macerola,* 47 NY2d 257). Accordingly, the judgment of conviction is reversed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.