■ In the Matter of GLENN F., a Person Alleged to be a Juvenile Delinquent, Respondent.—Order unanimously re-

versed, on the law, without costs, and new trial granted. Memorandum: At a joint fact-finding hearing, respondents, represented by the same court-assigned Law Guardian, were adjudicated juvenile delinquents on the ground that they had stolen an automobile battery. The adjudication was premised on accessorial liability (Penal Law art 20). The right of a defendant to receive effective assistance of counsel may be substantially impaired if one lawyer simultaneously represents the conflicting interests of other defendants *(People v Macerola,* 47 NY2d 257, 262; *People v Gomberg,* 38 NY2d 307, 312; *People v Davis,* 72 AD2d 69, 72). On this record, it cannot be said that there was no possibility of prejudice as a result of the joint representation *(see, People v Philip L. S.,* 57 NY2d 820, 821).

In these situations a weighty responsibility is imposed upon the hearing court to determine whether defendants' decision to proceed with one attorney is an informed one *(People v Gomberg, supra,* p 313; *People v Davis, supra,* p 72). "[B]efore the formal commencement of trial, it is the responsibility of the Trial Judge, independent of the attorney's obligation to inform his clients of any conflicting interests which may hinder his representation, to 'ascertain, on the record, whether each defendant [represented by the same attorney] has an awareness of the potential risks involved in that course and has knowingly chosen it' " *(People v Macerola, supra,* p 263, quoting *People v Gomberg, supra,* pp 313-314). This is particularly true where, as here, the court has assigned one court-appointed attorney to represent both respondents *(see, People v Davis, supra).* Since the Family Court Judge failed to make satisfactory inquiry and respondents have demonstrated that there exists a significant possibility of a conflict of interest, they are entitled to a new trial *(People v Macerola, supra,* p 264).

We have reviewed respondents' other claims of error and find them to be without merit. (Appeal from order of Erie County Family Court, Sedita, J.—juvenile delinquency.) Present—Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.