■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THADDEUS HARPER, Appellant. — Judgment insofar as it imposes sentence unanimously modified as a matter of discretion in the interest of justice by deleting the condition of probation requiring restitution, and, as modified, affirmed. (Appeal from judgment of Erie Supreme Court — attempted petit larceny.) Present — Dillon, P.J., Cardamone, Callahan, Denman and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE LEE ELLIS, Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Appellant was convicted of two counts of robbery in the second degree and one count of grand larceny in the third degree after a jury trial in which both he and a codefendant were represented by one attorney. The record does not reflect that the court made any inquiry concerning the possibility of a conflict of interest that might develop from this joint representation. Meaningful inquiry should have been made on the record by the trial court to ascertain whether defendant was aware of the risk inherent in his representation by the same counsel as his codefendant (People v Fioretti, 49 NY2d 976). This obligation on the part of the trial court to make an "independent inquiry" is particularly needed in a case where, as here, defendants are charged with accessorial conduct, since such enhances each defendant's need for separate counsel (People v Macerola, 47 NY2d 257, 265; People v Baffi, 49 NY2d 820). The District Attorney with commendable candor has conceded that this failure constitutes reversible error (People v Lloyd, 51 NY2d 107). (Appeal from judgment of Supreme Court, Monroe County — robbery, second degree.) Present — Dillon, P.J., Cardamone, Callahan, Denman and Schnepp, JJ.

■ STATE FARM MUTUAL AUTOMOBILE INSURANCE Co., Appellant, v JAMES BROOKS, Respondent. — Motion granted and remittitur order amended to reflect that reversal was without costs. Present — Cardamone, J.P., Simons, Hancock, Jr., Doerr and Schnepp, JJ. [Order entered Feb. 13, 1981.]

■ In the Matter of JOSEPH V. ABBATE. — Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law. Present — Dillon, P.J., Cardamone, Simons, Hancock, Jr., and Moule, JJ. [Order entered Feb. 13, 1981.]