■ The People of the State of New York, Respondent, v Jose Oritz, Appellant. — Judgment unanimously reversed, plea vacated, and matter remitted to Supreme Court, Monroe County, for further proceedings on the indictment. Memorandum: Defendant and his wife were jointly indicted for the crimes of bribery, first degree, and criminal possession of a controlled substance, third degree, arising out of an attempt to induce a police officer to join, and protect them, in a drug-selling operation. Defendant was also charged with violation of probation on a previous charge of criminal possession. As a part of a plea bargain, defendant's wife was permitted to plead guilty to criminal facilitation and receive a sentence of probation conditioned on defendant's plea of guilty to the indictment and to the violation of probation. Defendant was sentenced, as a second felony offender, to a term of 10 to 20 years on the bribery count and concurrent terms of one year to life on the two possession charges. Throughout the proceedings, defendant and his wife were represented by the same counsel and the court was, therefore, obliged to alert them to the possibility of conflict from the joint representation and inform them of their right to separate counsel (see *People v Lloyd,* 51 NY2d 107; *People v Ortiz,* 49 NY2d 718; *People v Macerola,* 47 NY2d 257). It failed to do so and there is no evidence in the record from which it may be found that defense counsel discussed the subject with defendant or that defendant was aware of the risks inherent in the situation and made an informed decision to waive his right to separate counsel. Because of this failure to advise defendant, he now contends that he was denied effective assistance of counsel. The actual conflict in the parties' positions is apparent from the circumstances. It became further

evident when the court rejected defendant's original plea of guilty because defendant insisted he was pleading only to protect his wife (see *Mone v Robinson,* 430 F Supp 481, affd 573 F2d 1293). The error and the conflict appearing in the record, the judgment must be reversed and defendant's plea vacated (see *People v Baffi,* 49 NY2d 820, 822; *People v Macerola, supra; People v Ellis,* 80 AD2d 750). (Appeal from judgment of Monroe Supreme Court, Boehm, J. — robbery, first degree, etc.) Present — Dillon, P.J., Simons, Callahan, Denman and Moule, JJ.