■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LYON, LYON CORAM AUTO BODY, INC., and L.A.L. LEASING, Appellants.—Appeal by the defendants from three judgments (one as to each of them) of the County Court, Suffolk County (Floyd, J.), each rendered November 13, 1986, convicting each of them of insurance fraud in the first degree, grand larceny in the second degree and falsifying business records in the first degree, after a nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed, and the case as to the defendant Charles Lyon is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant Charles Lyon and the two corporate defendants which are wholly owned by him were convicted after a nonjury trial on charges arising out of a scheme whereby Charles Lyon altered invoices and submitted an inflated claim to the Hartford Insurance Company for damage to a truck owned by the corporate defendant L.A.L. Leasing, and leased to the Town of Brookhaven. These three defendants, as well as the defendant Mark Lyon (Charles Lyon's son), who was acquitted after the nonjury trial, were represented by the same trial attorney.

On the instant appeal, the three convicted defendants argue that they were denied effective assistance of counsel by virtue of trial counsel's joint representation of all four defendants. We disagree.

In *People v Gomberg* (38 NY2d 307, 313-314), the Court of Appeals held that "[w]hat is required is that when two or more defendants are represented by the same attorney, the trial court ascertain, on the record, whether each defendant has an awareness of the potential risks involved in that course and has knowingly chosen it". However, the failure of the trial court to so inquire does not per se establish a violation of the defendant's right to effective assistance of trial counsel. Rather: "[t]his constitutional right may be substantially impaired if one lawyer simultaneously represents the conflicting interests of a number of defendants * * * A conflict exists only when the individual defenses 'run afoul of each other' " *(People v Gomberg, supra,* at 312, quoting from *People v Gonzalez,* 30 NY2d 28, 34, *cert denied* 409 US 859).

Again, in *People v Macerola* (47 NY2d 257, 264), the Court

of Appeals stated: "Insofar as joint representation of codefendants is not per se violative of the constitutional guarantee to the effective assistance of counsel (see, e.g., *Holloway v Arkansas,* 435 US 475, 482, *supra),* there exists no compelling reason to adopt a rule which would automatically equate the trial court's failure to undertake proper precautionary measures with an error of constitutional magnitude requiring reversal in every instance. There may always exist those cases in which joint representation of multiple defendants is, without doubt, justified, and the court's neglect in admonishing codefendants of the potential risks entailed in joint representation would not deprive, without more, a defendant of his right to the effective assistance of counsel. However, where a Trial Judge has failed to make satisfactory inquiry and a defendant can demonstrate that a conflict of interest, or at least the significant possibility thereof, did exist, a new trial must be ordered".

The People concede that the trial court failed to conduct the necessary inquiry in advance of trial to ascertain whether each defendant was aware of, and understood, the potential conflict of interest which could exist in joint representation and whether, with this knowledge, each defendant voluntarily waived his right to separate counsel *(People v Macerola, supra; People v Gomberg, supra).* Nevertheless, the three convicted defendants have not demonstrated that a conflict of interest, or at least the significant possibility thereof, existed in the instant case. A review of the trial testimony indicates that a unified defense was presented on behalf of all the defendants. This unified defense essentially took the form of an attack on the credibility of the People's principal witness. Although the quantum of the People's evidence adduced against the defendant Mark Lyon was not as great as that adduced against the other three defendants, and although this disparity was commented upon by the defendants' trial counsel in summation, this fact alone, in the context of a nonjury trial, did not deprive defendants of their constitutional right to the effective assistance of trial counsel *(cf., People v Brown,* 24 NY2d 168, 172).

We have examined the defendants' remaining argument with respect to the sentences imposed and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.