*878 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was arrested and subsequently indicted for criminal possession and sale of a controlled substance for incidents occurring on August 22, 1983, when defendant gave a small quantity of cocaine to an undercover police officer to provide the officer with a sample of the type of drug he was to sell in larger quantities, and on August 23 when defendant and one John Patino sold the larger quantity to the police officer. After defendant was arrested the police secured a warrant to search the apartment where he lived with his wife. While executing it they found methamphetamine and cocaine in a closet in defendant’s bedroom and an unregistered pistol and rifle. As a result of this search, a third indictment was returned charging defendant and his wife with criminal possession of a controlled substance in the second and fourth degrees, criminal possession of a weapon in the fourth degree and possession of a rifle or shotgun without a permit in violation of the New York City Administrative Code. The charges against defendant’s wife related solely to the contraband uncovered in the search of the marital residence and were premised on constructive possession.
Defendant and his wife were originally represented by separate counsel but after the indictments were handed down they retained one attorney to represent them both. Subsequently, defendant pleaded guilty, pursuant to a negotiated bargain, to one count in each indictment, viz., criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the second degree. In return, he was promised concurrent sentences of 5 years to life and that the charges against his wife would be dismissed.
On appeal defendant seeks vacatur of his plea, claiming he was denied effective assistance of counsel because of a conflict of interest created by the joint representation.
The joint representation of codefendants by a single attorney creates a potential conflict of interest between the attorney and each of his clients, thereby threatening each defendant’s right to effective assistance of counsel guaranteed by both the State and Federal Constitutions (NY Const, art I, § 6; US Const 6th Amend). The problems of joint representation are no less acute at the plea bargaining stage than they are at *879 the trial stage and before accepting a guilty plea from a jointly represented defendant the court must ascertain, on the record, whether the defendant’s decision to proceed with the attorney is an informed decision (People v Monroe, 54 NY2d 35, 38, cert denied 455 US 947; People v Gomberg, 38 NY2d 307, 313). Joint representation is not per se forbidden, however, and vacatur of the plea will only result where the defendant demonstrates that a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense (People v McDonald, 68 NY2d 1, 9; People v Lombardo, 61 NY2d 97, 103; People v Serio, 87 AD2d 978; cf., People v Mattison, 67 NY2d 462, cert denied 479 US 984). We have not attempted to define a "significant possibility” previously, preferring to analyze conflict claims on a case-by-case basis. Our decisions make clear, however, that a significant possibility is more than a potential conflict of interest and that before relief will be accorded the conflict must do more than exist, it must have "operated” (People v Alicea, 61 NY2d 23, 30, n; People v Lombardo, supra). As we stated in People v McDonald "the conflict must * * * be one which bears a substantial relation to 'the conduct of the defense’ ” (68 NY2d 1, 9, supra, quoting People v Lombardo, supra, at 103).
We conclude defendant has not demonstrated his right to relief in this case. Nothing in the record suggests that he decided to plead guilty to protect his wife (cf., People v Ortiz, 83 AD2d 985, 986) or that the plea was induced by any consideration other than his own best interests. Defendant claims that evidence of a significant possibility that a conflict of interest operated can be found in the disparate outcomes of the two cases and in the nature of the allegations contained in the joint indictment. The disparate outcomes, however, are explained by the disparate culpability of the codefendants. Defendant alone was involved in the sale of drugs and strong evidence was available to prove his guilt. By contrast, the possession charges against his wife rested solely on the inference arising from the fact that the contraband was found in the apartment she and her husband occupied.
Defendant’s claim rests on the erroneous assumption that any possibility of conflict is sufficient to meet the burden of establishing significance. He has not identified any other factor or any "different theories and tactics” that should have been pursued for each defendant such that the potential for conflict actually operated (People v Baffi, 49 NY2d 820, 822). *880 Notwithstanding the absence of such a showing, however, the dissent would reverse, urging upon the court a per se rule which, in effect, calls for reversal anytime codefendants were represented by the same counsel and the Trial Judge failed to make a Gomberg inquiry. We find no basis for a per se rule in our prior decisions and no need for it here to protect defendant’s right to effective assistance of counsel. The effect of our decision is not to relegate jointly represented defendants to the remedy of a collateral postconviction remedy, as the dissent contends. Where a defendant can demonstrate that there is a significant possibility that the conflict of interest created by the joint representation operated, a court will reverse or vacate the conviction on direct appeal. On this record, however, defendant has not made that showing.
Finally, we note that this case is distinguishable from People v Burwell (53 NY2d 849), relied upon by the dissent, in which the defendant wife and her husband were both charged with the same crimes but it appeared that the wife was less culpable. In this case, defendant was indicted not only for possession but also for more serious charges of selling controlled substances. Moreover, he stated on the record that he had kept the drugs which he and his wife were charged with possessing, storing them in his closet (the weapons counts were dismissed) (see also, People v Monroe, supra; People v Crump, 53 NY2d 824).