OPINION OF THE COURT
Denis R. Hurley, J.
The defendants have moved, pursuant to CPL article 440, *691 for an order either vacating the judgment of conviction entered against each of them on November 13, 1986, or, alternatively, for a hearing to determine whether such relief is warranted.
INTRODUCTION
The three defendants herein, together with a fourth, and subsequently acquitted, defendant, Mark Lyon, were indicted on charges of insurance fraud in the first degree, grand larceny in the second degree and falsifying business records in the first degree. All four defendants were represented by one attorney. The potential for conflict that might accompany such representation was not explained to the defendants by the Trial Judge, contrary to the directive contained in People v Gomberg (38 NY2d 307 [1975]).
After a nonjury trial, Lyon Coram Auto Body, Inc., L.A.L. Leasing and Charles Lyon were convicted on all counts. On November 13, 1986, Charles Lyon — a prior felon — was sentenced to an indeterminate term of three to six years in a State correctional facility, and various fines were imposed against the corporate defendants.
The three defendants appealed arguing, inter alia, "that they were denied effective assistance of counsel by virtue of trial counsel’s joint representation of all four defendants”. The Second Department affirmed the convictions, and leave to appeal to the Court of Appeals was denied. (People v Lyon, 141 AD2d 851 [2d Dept 1988], lv denied 72 NY2d 912 [1988].)
BASIS FOR PRESENT CPL 440.10 MOTION
The defendants urge two grounds in support of the relief requested, viz.: "a) the failure of the trial judge to inquire of the jointly-represented defendants as to whether each defendant had an awareness of the potential risks involved in being represented by the same attorney; and b) the presence of a conflict of interest, or at least the significant possibility thereof, on the part of the trial attorney, in attempting to represent all four * * * co-defendants”.
JOINT REPRESENTATION ISSUE RAISED ON APPEAL
Among the issues raised on appeal was that of joint representation, i.e., the issue presently before me. Thus, point one *692 of appellants’ brief reads as follows: "because the trial court FAILED TO MAKE THE APPROPRIATE GOMBERG INQUIRY ON THE RECORD, AND BECAUSE THERE WAS A CLEAR CONFLICT OF INTEREST BETWEEN CHARLES LYON AND HIS SON, MARK LYON, THE APPELLANTS WERE DEPRIVED OF THEIR FUNDAMENTAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STATE CONSTITUTION AND UNDER THE FEDERAL CONSTITUTION.”
In support of point one, numerous alleged examples were cited to the Appellate Division Justices, including:
1. "This factor [viz., "the pronounced variations in the type and quantum of evidence against each defendant”] is particularly relevant in the case at bar, where, manifestly, the evidence against Charles Lyon weighed far heavier than the evidence against Mark Lyon”.
2. "In the case at bar, as indicated earlier, defense counsel was in the awkward position of representing both father and son as defendants. As the evidence unfolded, it became clear that the evidence against the father was stronger. Unquestionably, as defense counsel conceded at the beginning of his summation, somebody altered the invoices. The evidence indicated that it could have been only one of three people: Badalucco, Charles Lyon or Mark Lyon. Defense counsel sought, throughout the trial — quite properly — to suggest that Badalucco was the author of the doctored invoices, and that he was attempting to frame Charles Lyon because of a grudge. However, in the course of the trial, defense counsel also followed his obligation to minimize, as much as possible, the involvement of Mark Lyon. Clearly, and unfortunately, every-time he minimized the evidence against the son, he emphasized the evidence against the father”.
3. "The most blatant and compelling example of the conflict between father and son is found in the summation of defense counsel with respect to the evidence against Mark Lyon”.
In sum, the defendants previously urged the Appellate Division to reverse their conviction for "[c]learly * * * the record articulates a patent conflict of interest between co-defendants Charles Lyon and his son Mark” (emphasis supplied). Does the fact that this same issue is being presented again, albeit in a different format, preclude the granting of the relief requested? Before answering that question, a review of the function of a writ of coram nobis is in order.
FUNCTION OF CORAM NOBIS WRIT
CPL 440.10 represents a postjudgment codification of the *693 common-law writ of coram nobis. As such, its function is to inform the court of facts, not reflected in the trial record, which undermine the legitimacy of the judgment. (See, e.g., People v Crimmins, 38 NY2d 407, 418 [1975]; People v Cleveland, 132 AD2d 921 [4th Dept 1987].) While the "outside the record” rule is not an absolute bar to coram nobis relief if the right to counsel has supposedly been abridged (People v Shapiro, 3 NY2d 203 [1957]), the writ is unavailable to the extent the basis for the collateral attack mirrors that previously advanced on appeal. Indeed, subdivision (2) (a) of CPL 440.10 provides that: "[A] court must deny a motion to vacate a judgment when * * * [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment”. (Emphasis supplied.)
DEFENDANTS’ ARGUMENT IN SUPPORT OF APPLICATION TO VACATE JUDGMENT OF CONVICTION, PURSUANT TO CPL 440.10
The defendants presumably are not unmindful of the limited purposes for which a writ of coram nobis may be utilized. The claim is made, however, that the conflict of interest created by the joint representation "does not entirely appear in the record of the trial”. And so, the argument continues, the issue has not been the subject of comprehensive appellate review and remains a proper target for collateral attack.
The material outside the record, which is relied upon by the defendants, consists of two affirmations submitted by their trial counsel. That attorney states, inter alia, that he never informed either Mark Lyon or Charles Lyon of the potential conflict of interest;* that he contemplated bringing in another attorney shortly prior to trial, but decided against it "to avoid antagonizing the judge who was to be the trier of the facts”; and that during the preparation of the case his communica *694 tions with Mark Lyon and Charles Lyon was prejudiced by his "dual loyalties”.
The trial attorney further reports receiving an admonition from Charles Lyon, shortly after the trial commenced, to the effect that his main goal, as attorney, should be " 'to get Mark off ”. He explains that his divided loyalty affected his trial strategy and summation, and concludes by saying that "this court should be able to see that my defense of Charles Lyon was compromised by my defense of Mark Lyon”.
Does this information from the trial attorney constitute a viable basis to vacate the November 13, 1986 conviction? In my judgment, it does not for the reasons stated in the next section of this opinion.
NO NEW "GROUND” OR "ISSUE”, WITHIN THE MEANING OF CPU 440.10, HAS BEEN OFFERED BY DEFENDANTS
CPL 440.10 (2) (a) precludes a collateral attack on a conviction based on an "issue” or "ground” which was the subject of appellate review. The trial attorney has provided me with the background information which created the claimed conflict of interest. But the "conflict of interest” — not the precipitating facts leading to its creation — is the issue, or ground, for purposes of the statute. Moreover, even if this information was deemed to constitute a new ground or issue, not every alleged conflict of interest resulting from the failure of a Trial Judge to issue a Gomberg admonition invalidates a conviction. As explained by the Court of Appeals in People v Recupero (73 NY2d 877, 879 [1988]): "Joint representation is not per se forbidden, however, and vacatur * * * will only result where the defendant demonstrates that a significant possibility of a conflict existed bearing a substantial relationship to the conduct of the defense * * *. Our decisions make clear * * * that a significant possibility is more than a potential conflict of interest and that before relief will be accorded the conflict must do more than exist, it must have 'operated’ (Emphasis supplied.)
Here, the Appellate Division considered the claimed conflict of interest created by the joint representation and found, in effect, that it did not "operate”, i.e., it was potential, not actual. A vigorous and, as stated by the Appellate Division, "unified defense” was presented by an obviously skilled litigator. (People v Lyon, supra, at 852.)
*695 Granted, that litigator now states that he did not intend to present a unified defense. Yet he wholly fails to indicate, with any degree of specificity, what he would have done, or what he believes anyone would have done, had the representation of the defendants been divided, rather than under the direction of one attorney. Indeed, no offer of proof is made, or even suggested, to show that the potential conflict of interest necessarily entailed in joint representation actually "operated” in this case.
What would have been done differently in the defense of this action had the trial attorney not represented all four defendants? Any answer to that question would be the product of pure speculation, devoid of support in the arguments and information furnished by the movants. Accordingly, even if, for purposes of argument, the information in trial counsel’s affirmations gave rise to a new ground or issue under CPL 440.10, defendants’ application to vacate the November 13, 1986 conviction would still have to be denied as unsubstantiated. Similarly, their alternate request for a hearing would be unsuccessful. The purpose of a hearing is to afford a litigant an opportunity to establish the facts alleged in his or her pleading or other papers — which facts, if proven, would be a proper predicate for the relief sought. Here, no such facts are alleged and, thus, a hearing would not be justified. (See, e.g., People v Brown, 56 NY2d 242 [1982]; People v Session, 34 NY2d 254, 255-256 [1974] ["A judgment of conviction is presumed valid, and the party challenging its validity * * * has a burden of coming forward with allegations sufficient to create an issue of fact * * *. In a coram nobis application, it is not enough to make conclusory allegations of ultimate facts; supporting evidentiary facts must be provided. In this case, the defendant must supply the substance of the testimony his potential witnesses would have given and indicate in what way this testimony would have benefited him”]; People ex rel. Dixon v Smith, 112 AD2d 50 [4th Dept 1985], lv denied 65 NY2d 610 [1985]; People v Middleton, 14 AD2d 557 [2d Dept 1961].)
CONCLUSION
By way of a partial synopsis, the defendants’ motion to vacate the judgment of conviction is denied for the following reasons: (1) the "joint representation/conflict of interest” issue has been determined by the Appellate Division, Second De *696 partment, and, accordingly, the present CPL 440.10 motion does not properly lie; (2) the supposedly "new” information furnished in support of the motion — viz., the two affirmations of trial counsel — does not constitute a different "ground” or "issue” than that addressed on appeal within the meaning of CPL article 440; rather that information — assuming its accuracy — simply provides, at most, a more detailed explanation as to the creation of the "joint representation/conflict of interest” issue; and (3) assuming, arguendo, and contrary to the fact, that the statements of trial counsel do constitute a different "ground” or "issue” — thereby permitting a collateral attack on the judgment — the defendants have failed to demonstrate, or even to allege sufficient facts which, if proven, would demonstrate that the. alleged conflict of interest "operated” within the meaning of People v Recupero (supra).
Counsel for the movants have explained that the present "motion is based on the incorrect and incomplete ruling” of the appellate court. That statement lends itself to more than one interpretation. If it is intended to suggest that this court review the work product of the Appellate Division, Second Department, in People v Lyon (supra), that is a task which I respectfully decline to undertake for the purpose of a coram nobis application is not to serve as a second or indirect appeal. (People v Harris, 109 AD2d 351 [2d Dept 1985], lv denied 66 NY2d 919 [1985].)
For the reasons above stated, the relief requested by Charles Lyon, Lyon Coram Auto Body, Inc., and L.A.L. Leasing is denied, in toto.

 The failure of both the court and the attorney to advise the defendants of the possible conflict was reflected in the record, and was part of the appeal, in the sense that the record is devoid of evidence that the required warnings were given by anyone. (See, People v Ortiz, 83 AD2d 985 [4th Dept 1981] ["It (the court) failed (to advise defendant) and there is no evidence in the record from which it may be found that defense counsel discussed the subject with defendant or that defendant was aware of the risks inherent in the situation and made an informed decision to waive his right to separate counsel”].) The absence of the warnings in the record caused the Ortiz court to conclude that the error and conflict appeared in, not outside, the record.