■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELENOR REAPE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered July 5, 1988, convicting her of criminal possession of a weapon in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On February 12, 1988, the defendant and her codefendants Clyde Nelson and Gary Brown were arrested after a vehicle operated by Clyde Nelson and in which the defendant and Brown were passengers was stopped by the police for passing a red light. A loaded .38 caliber revolver and nine millimeter machine pistol were found in the vehicle. The defendant, Nelson and Brown were each charged in the first count of the indictment with criminal possession of a weapon in the third degree on a theory of joint possession of the machine pistol. The defendant alone was charged in the second count of the indictment with a separate count of criminal possession of a weapon in the third degree stemming from the possession of the revolver.

Pursuant to a plea bargaining agreement negotiated by the attorney for both the defendant and Nelson, the defendant pleaded guilty to one count of criminal possession of a weapon in the third degree in full satisfaction of the indictment with a promise that she would be sentenced to five years' probation.

Nelson simultaneously entered a plea to the same crime and, in return, also was promised a sentence of five years' probation.

On appeal, the defendant contends that the joint representation of herself and Nelson by one attorney created a conflict of interest that deprived her of the effective assistance of counsel and, as a result, the judgment of conviction should be reversed and her plea vacated. Although the trial court failed to make a *Gomberg* inquiry *(see, People v Gomberg,* 38 NY2d 307, 313) to determine whether the defendant's decision to proceed with the same attorney that represented her codefendant was an informed decision, the Court of Appeals has declined to adopt a per se rule requiring an automatic reversal in such circumstances *(see, People v Recupero,* 73 NY2d 877, 880). The failure of the trial court to inquire on the record whether the defendant was aware of the dangers of joint representation constitutes reversible error only where the defendant has demonstrated that "a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" *(People v Recupero, supra,* at 879; *see, People v McDonald,* 68 NY2d 1, 9; *People v Lombardo,* 61 NY2d 97, 103; *People v Macerola,* 47 NY2d 257, 264). The decisional law has not explicitly defined the "significant possibility" standard but has approached conflict of interest claims based upon joint representation on a case-by-case basis. However, the Court of Appeals in *Recupero* stated that "a significant possibility is more than a potential conflict of interest and that before relief will be accorded the conflict must do more than exist, it must have 'operated' " *(People v Recupero, supra,* at 879, quoting from *People v Alicea,* 61 NY2d 23, 30, n).

Upon our review of the record, we do not find that either an actual conflict of interest or a significant possibility of a conflict of interest has been demonstrated. Both the defendant and Nelson in their statements to the Probation Department disclaimed ownership of the firearms recovered from the vehicle and sought to shift the blame to the codefendant Brown. Moreover, all the occupants of the vehicle were subject to the statutory presumption of knowing possession (Penal Law § 265.15 [3]). Thus, the defendant has failed to demonstrate that conflicting theories or defenses existed so that the potential conflict of interest actually operated *(see, People v Recupero, supra; People v Monroe,* 54 NY2d 35, *cert denied* 455 US 947; *cf., People v Cruz,* 101 AD2d 841, *affd* 63 NY2d 848).

The defendant's contention that the sentence imposed is excessive is similarly without merit since it was imposed

pursuant to a negotiated plea bargain *(see, People v Kazepis, 101 AD2d 816).* In any event, we find no basis in the record to disturb the sentencing court's exercise of discretion in imposing a sentence of five years' probation *(see, People v Suitte,* 90 AD2d 80).* Thompson, J. P., Brown, Eiber and Miller, JJ., concur.