■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM C. BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was not deprived of effective assistance of counsel merely because the codefendant's attorney appeared for defendant at his arraignment. Defendant was fully apprised of the potential conflict of interest caused by the joint representation and consented to counsel's appear-

ance *(see, People v Recupero,* 73 NY2d 877, 878-879; *People v McDonald,* 68 NY2d 1, 8-9, *rearg dismissed* 69 NY2d 724). Defendant has failed to demonstrate that "a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" and he has not pointed to facts suggesting "that the potential for conflict actually operated" *(People v Recupero, supra,* at 879).

Further, we find that defendant's subsequent counsel provided meaningful representation and therefore defendant was not denied the effective assistance of counsel *(see, People v Rivera,* 71 NY2d 705, 709; *People v Baldi,* 54 NY2d 137, 147). (Appeal from judgment of Erie County Court, D'Amico, J.—criminal sale of controlled substance, third degree.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.