■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRAEFBEY ALLAH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered May 16, 1988, convicting him of robbery in the first degree (five counts) and criminal possession of a weapon in the second degree (one count), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the defense counsel's absence from the deliberations phase of the defendant's trial through the verdict, deprived him of his fundamental right to the effective assistance of counsel. The record reveals that on Thursday, April 20, 1988, after the jurors began their deliberations, the defendant's counsel informed the court that he would be out-of-town from 9:00 P.M. that night "through Monday". Prior to defense counsel's departure, however, the defendant expressly consented in open court to be represented in his counsel's absence by the attorneys for the two codefendants.

Moreover, it is clear that the defendant's representation was thereafter effectively undertaken by the codefendants' attorneys. Contrary to the defendant's contention, nothing in the record indicates that the joint representation of him during deliberations created "a significant possibility of a conflict of interest * * * bearing a substantial relationship to the conduct of [his] defense" *(People v Recupero,* 73 NY2d 877, 879; *People v Reape,* 162 AD2d 634, 635).

Although reversal is unwarranted in this case, we nevertheless note our disapproval of the manner in which the court permitted the defendant's attorney to leave during deliberations without setting forth on the record any explanation for his absence. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.