■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMAS VALDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered January 29, 1991, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying his motion to withdraw his plea of guilty on the ground that he and a codefendant had been represented by the same attorney at the plea proceedings and, as a consequence, he was denied his right to the effective assistance of counsel. We disagree.

Although during the plea proceeding itself the court did not inquire into the possibility of conflicts arising from the alleged joint representation, it is well settled that such representation constitutes reversible error only where the defendant has demonstrated that "a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" *(People v Recupero,* 73 NY2d 877, 879; *People v Reape,* 162 AD2d 634). We do not find that either an actual conflict of interest or a significant possibility of a conflict of interest has been demonstrated *(see, People v Gomberg,* 38 NY2d 307; *People v Recupero, supra,* at 879-880; *cf., People v Ortiz,* 76 NY2d 652). The defendant's claim to the contrary "rests upon the erroneous assumption that any possibility of conflict is sufficient to meet the burden of establishing significance" *(People v Recupero, supra,* at 879).

The defendant's attorney was the only counsel of record appearing for him at the plea proceeding. Although the attorney did "stand in" during the plea proceeding for the attorney representing one of the codefendants, the trial court was not on notice that a conflict existed under these circumstances, or because, as the defendant alleges, the two attorneys may have shared common office space. Further, prior to the imposition of sentence and within the context of his motion to withdraw his plea of guilty, the court fully explored the defendant's allegations of improper joint representation prior to the imposition of sentence and within the context of his motion to withdraw his plea of guilty.

Moreover, the record belies the suggestion that the negotiated plea to which the defendant agreed was induced by any consideration other than the advancement of his own best interests or that the defendant received an unfair or dispro-

portionate punishment as part of the agreement *(cf., People v Recupero, supra,* at 879). It is true that the agreement required the defendant and the three codefendants to plead guilty together and that the codefendants, who were charged, *inter alia,* with "A-I" felonies were permitted to plead down to "A-II" felonies as part of the agreement. It is also true that the defendant was required to plead to the top count with which he was charged, an "A-II" felony, and was not permitted to plead down to a lesser crime. However, the codefendants all received greater sentences of 8 years to life imprisonment, while the defendant received the minimum permissible sentence of 3 years to life imprisonment. Moreover, the defendant's conclusory assertions of innocence at sentencing and his claims that his attorney pressured him into pleading guilty are belied by the defendant's representations during the plea colloquy that he was satisfied with the agreement and that no one had threatened or forced him to enter the plea. We note further, that when asked at the plea colloquy whether he was guilty of the crime to which he was pleading, the defendant responded, *inter alia,* that "I'm guilty because I was participating". Under these circumstances, the court properly concluded that the defendant had failed to establish a significant possibility that a conflict of interest existed "bearing a substantial relationship to the conduct of the defense" *(People v Recupero, supra,* at 879; *People v Reape, supra).* Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.