■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH SAFFOLD, Appellant. [667 NYS2d 521] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that she was denied meaningful representation because defense counsel jointly represented defendant and codefendant, her husband. The record establishes that, after defendant and codefendant were arrested, they retained the same counsel to represent them. After defendant and codefendant were indicted and arraigned, defendant informed counsel that she wished to cooperate and to enter into a plea agreement. Based upon the conflict of interest arising therefrom, counsel sought permission from County Court to be relieved of his representation of defendant. The court granted counsel's request and assigned defendant new counsel. New counsel moved to disqualify defendant's former counsel from representing codefendant or, in the alternative, for a severance. The court granted counsel's request for a severance. Defendant subsequently pleaded guilty pursuant to a plea agreement.

Joint representation of defendants by a single attorney creates a potential conflict of interest that may deprive each defendant of meaningful representation (*see, People v Recupero*, 73 NY2d 877, 878). "Joint representation is not per se forbidden, however, and vacatur of the plea will only result where the defendant demonstrates that a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" (*People v Recupero, supra*, at 879).

Defendant failed to demonstrate that the joint representation created a conflict of interest that substantially affected the conduct of the defense (*see, People v Recupero, supra; People v McDonald*, 68 NY2d 1, 9, *rearg dismissed* 69 NY2d 724).

We further conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.