■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SINGLETON, Appellant. [771 NYS2d 106]—

Order, Supreme Court, New York County (John Stackhouse, J.), entered on or about April 10, 2000, which denied defendant's motion to vacate a judgment of the same court (Frederic Berman, J.) rendered January 4, 1991, unanimously affirmed.

The court properly denied, without a hearing, defendant's motion to vacate his judgment of conviction made on the ground that he was deprived of his right to effective assistance of counsel and conflict-free representation (*see People v Satterfield*, 66 NY2d 796 [1985]). Although defendant's trial counsel had previously represented a codefendant at his plea of guilty to charges arising from the same criminal incident, defendant failed to demonstrate a significant possibility that a conflict of interest existed that operated to his detriment and bore a substantial relation to the conduct of the defense (*see People v Recupero*, 73 NY2d 877, 879 [1988]; *see also Cuyler v Sullivan*, 446 US 335, 348-350 [1980]). The record, including defendant's own submissions on the motion, establishes that trial counsel made a sound strategic decision to refrain from calling the codefendant as a witness, and that this decision had nothing to do with any potential conflict of interest. The codefendant's testimony would have been unnecessary, unhelpful, extensively impeached and potentially very damaging to defendant's misidentification defense. Concur—Buckley, P.J., Mazzarelli, Saxe, Sullivan and Rosenberger, JJ.