◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP PEYTON, Appellant. [811 NYS2d 398]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered March 26, 2004, convicting defendant, after a jury trial, of criminal contempt in the first degree and criminal mischief in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

Defendant claims that his Legal Aid Society trial counsel was placed in conflict because another Legal Aid attorney had represented the complainant's sister in an unrelated matter. However, he concedes that his claim involves factual matters outside the record concerning the conduct of his defense. Therefore, his claim would require a CPL 440.10 motion and is unreviewable on direct appeal (see People v Sutton, 220 AD2d 351 [1995], lv denied 87 NY2d 925 [1996]).

To the extent the existing record permits review, it establishes that defendant received effective, conflict-free assistance. The record does not establish that a conflict existed, or that it operated to defendant's detriment or had a substantial relation to the conduct of his defense (see Cuyler v Sullivan, 446 US 335, 348-350 [1980]; People v Harris, 99 NY2d 202, 210-211 [2002]). There was no actual conflict of interest, but, at most, only a remote potential conflict (see People v Perez, 70 NY2d 773 [1987]; People v Wilkins, 28 NY2d 53 [1971]) that did not cause any prejudice (see People v Recupero, 73 NY2d 877, 879 [1988]). The Legal Aid Society was relieved as counsel for the complainant's sister, thus terminating any dual representation. There is no evidence that defendant's attorney acted under constraint of any continuing obligation by the Legal Aid Society to protect its former client. Although, at trial, the attorney asserted that the

alleged conflict interfered with his ability to call the sister as a defense witness, the sister could not be located, and thus was unavailable to both parties. Moreover, defendant's contention that she might have offered material exculpatory testimony was speculative. We find no basis to disturb the court's exercise of discretion in denying defendant's motion for a mistrial predicated on the supposed conflict.

Defendant's remaining argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. Concur— Andrias, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.