People v Fermin (2019 NY Slip Op 07512)





People v Fermin


2019 NY Slip Op 07512


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10130 3555/13

[*1] The People of the State of New York, Respondent,
v
Bernadita Fermin, Defendant-Appellant.


Jorge Guttlein & Associates, New York (Juan Carlos Guttlein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J. at hearing; Laura Ward, J. at nonjury trial and sentencing), rendered December 3, 2014, convicting defendant of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth and fifth degrees, and sentencing her to an aggregate term of six months, with five years' probation, unanimously affirmed.
The hearing court properly determined that defendant's post-Miranda statements were sufficiently attenuated from earlier statements that had not been preceded by Miranda warnings. Although the statements were obtained by the same detective, there was a 4½-hour break, different officers transported defendant to the precinct, and the initial interaction with defendant was brief (see People v White, 10 NY3d 286, 291-292 [2008], cert denied 555 US 897 [2008]; People v Paulman, 5 NY3d 122, 130-131 [2005]). There is no basis for disturbing the hearing court's credibility determinations.
The trial court's verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the trial court's credibility determinations. The evidence supported the conclusion that defendant was in possession of the drugs found in her apartment and that she had the intent to sell them.
Defendant's argument that her counsel provided conflicted, ineffective representation because, at a single court appearance at an early stage of the proceedings, he jointly represented her and another defendant involved in the case is not reviewable on direct appeal because this claim involves factual matters outside the record concerning the conduct of the defense that should have been raised in a CPL 440.10 motion (see People v Peyton, 27 AD3d 402 [1st Dept 2006], lv denied 7 NY3d 793 [2006]). As an alternative holding, based on the existing record, we find that defendant has failed to "demonstrate[] that a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" (People v Recupero, 73 NY2d 877, 879 [1988]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK