People v Davis (2020 NY Slip Op 05556)





People v Davis


2020 NY Slip Op 05556


Decided on October 8, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 8, 2020

110006

[*1]The People of the State of New York, Respondent,
v
Rodney R. Davis, Appellant.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Michael T. Baker, Public Defender, Binghamton (Alison C. Gachter of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered May 19, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.
After a vehicle driven by defendant was stopped by a state trooper for speeding, the odor of marihuana was detected and a search of the vehicle disclosed a plastic bag of drugs, which field-tested positive for heroin, and a bag of marihuana. Defendant was charged by indictment with criminal possession of a controlled substance in the third degree (two counts) for possession of heroin and criminal possession of marihuana in the fifth degree. On the day scheduled for pretrial hearings, a discussion was held on the record regarding the state forensic laboratory report that established, after the indictment had been handed up, that the bag found in the vehicle contained cocaine, not heroin. The People indicated their intent to re-present the matter to a grand jury. Following further discussion, defendant accepted the People's plea offer and entered a guilty plea to the reduced charge of attempted criminal possession of a controlled substance in the fourth degree in satisfaction of all charges. At sentencing, County Court denied defendant's pro se oral motion to withdraw his guilty plea. Consistent with the terms of the agreement, County Court sentenced defendant, as an admitted second felony offender, to a prison term of 2½ years to be followed by one year of postrelease supervision. Defendant appeals.
On appeal, defendant argues that County Court erred in summarily denying his motion to withdraw his guilty plea without conducting an evidentiary hearing. In support of the motion, defendant argued that he had obtained sworn statements from his girlfriend and another unidentified person to the effect that the girlfriend was the owner of the cocaine found in the vehicle.[FN1] However, during the plea allocution, defendant had unequivocally admitted that he had possessed more than an eighth of an ounce of cocaine and entered a guilty plea to the reduced possessory charge. Even if, as defendant claimed, his girlfriend was the owner of the cocaine, there is no indication that she was even in the vehicle when it was stopped. More to the point, defendant's conviction for possession can rest upon his constructive possession of the cocaine in the vehicle, which only requires that he had dominion and control over the drugs, not that he was the owner (see Penal Law § 10.00 [8]; People v Manini, 79 NY2d 561, 573 [1992]; People v Kalabakas, 183 AD3d 1133, 1139-1140 [2020], lv denied 35 NY3d 1067 [2020]). Moreover, under the automobile presumption, aside from circumstances not present here, "[t]he presence of a controlled substance in an automobile . . . is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found" (Penal Law § 220.25 [1]; see People v Kalabakas, 183 AD3d at 1140).
Accordingly, under either principle, defendant's admission during the plea allocution to knowingly possessing the cocaine was not undermined by the claim of another person to actual ownership of the drugs. Indeed, defendant did not submit an affidavit in connection with his motion asserting — or even argue to County Court — that he had been unaware that the cocaine was in the vehicle, or allege any facts undermining his dominion and control over them or rebutting the presumption that he knowingly possessed them. To the extent that defendant made a conclusory statement denying possessing drugs in moving to withdraw his guilty plea, the statement did not cast doubt on his guilt or the voluntariness of his plea as he did not negate his constructive possession of the cocaine or rebut the automobile presumption, and we find that the court's inquiry was sufficient (see People v Lopez, 71 NY2d 662, 666-667 [1988]; compare People v Beasley, 25 NY2d 483, 488 [1969]; People v Gresham, 151 AD3d 1175, 1177-1178 [2017]). Thus, in the absence of "evidence of innocence, fraud or mistake in the inducement," we find no abuse of the court's discretion in summarily denying defendant's motion to withdraw his plea (People v Diggs, 178 AD3d 1203, 1205 [2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 1158 [2020]; see CPL 220.60 [3]; People v Seeber, 4 NY3d 780, 781-782 [2005]; People v Ozuna, 177 AD3d 1040, 1041 [2019], lv denied 35 NY3d 972 [2020]; People v Harrison, 176 AD3d 1262, 1263-1264 [2019], lv denied 34 NY3d 1016 [2019]).
Contrary to defendant's related claim, the record supports County Court's conclusion that his plea of guilty was knowing, voluntary and intelligent (see People v Sougou, 26 NY3d 1052, 1054-1055 [2015]; People v Brown, 14 NY3d 113, 116 [2010]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]). To that end, during the plea allocution County Court explained in detail the results of the laboratory analysis,[FN2] that the initial field test had been incorrect and that the People would need to and intended to re-present the matter — with the laboratory report — to another grand jury. The court correctly advised defendant that both heroin and cocaine are controlled substances and that, for purposes of the Penal Law and sentencing, it was of no import which drug he possessed (see Penal Law § 220.00 [7]; People v Kalabakas, 183 AD3d at 1135-1136). The court set forth defendant's options and emphasized that it was his decision whether to accept the plea offer or await a new indictment. Defendant had an opportunity to confer with counsel several times, his questions to the court were answered throughout and, after indicating that he understood the plea terms and circumstances, he accepted the offer.
Defendant's claim of confusion in entering a guilty plea is refuted by the record, and his assertion that he was pressured to take the plea due to his potential sentencing exposure as a second felony offender, which was explained to him, amounts to the type of "situational coercion" faced by many accused offered a plea deal (People v Seaberg, 74 NY2d 1, 8 [1989]; accord People v Blanford, 179 AD3d 1388, 1392 [2020], lv denied 35 NY3d 968 [2020]). We find that the guilty plea "represent[ed] an informed choice freely made by defendant among other valid alternative" and that, as he failed to "raise a legitimate question as to the voluntariness of the plea," no evidentiary hearing was required (People v Brown, 14 NY3d at 118). Defendant's remaining claims similarly lack merit.
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defense counsel and County Court's remarks indicate that defendant had made similar representations to the Probation Department during his interview and provided the statements in issue to the People. However, neither the presentence report nor the statements are in the record on appeal.

Footnote 2: Notably, the positive result of a preliminary field test indicating the presence of a controlled substance is sufficient to support a charge by the grand jury of possession of that substance, and laboratory results are not required at that stage (see People v Swamp, 84 NY2d 725, 730-731 [1995]).