People v Wentland (2021 NY Slip Op 00578)





People v Wentland


2021 NY Slip Op 00578


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-00784 
2020-00866
 (Ind. No. 793/18)

[*1]The People of the State of New York, respondent,
v
Walter Wentland, Sr., appellant.


Sussman and Associates, Goshen, NY (Jonathan R. Goldman of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from (1) an order of the County Court, Orange County (William L. DeProspo, J.), dated July 23, 2019, which denied his motion, in effect, pursuant to CPL 220.60(3) to withdraw his plea of guilty, and (2) a judgment of the same court rendered January 23, 2020, convicting him of attempted assault in the second degree and obstructing governmental administration in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendant's motion, in effect, pursuant to CPL 220.60(3) to withdraw his plea of guilty is granted, the plea of guilty is vacated, the order is modified accordingly, and the matter is remitted to the County Court, Orange County, for further proceedings on the indictment.
The appeal from the order must be dismissed. No appeal lies from an order arising out of a criminal proceeding unless one is provided for by the Criminal Procedure Law (see Matter of People v Juarez, 31 NY3d 1186, 1187; People v Stevens, 91 NY2d 270, 277; People v Delano F., 176 AD3d 736, 737). The denial of the defendant's motion, in effect, to withdraw his plea of guilty is brought up for review on the appeal from the judgment (see CPL 450.10[1]; People v Delano F., 176 AD3d at 737; see also People v Snype, 171 AD3d 1220).
On July 22, 2018, Nicholas Wentland (hereinafter Nicholas) allegedly was driving while under the influence of alcohol, and was stopped by police officers. When Nicholas' father, Walter Wentland, Sr. (hereinafter the defendant), arrived at the scene, the defendant allegedly assaulted and injured one of the officers. According to the defendant, he had been informed that Nicholas was involved in an automobile accident in which Nicholas "went through the windshield," and the defendant "rushed into the accident scene yelling for [Nicholas]," where he was forcibly stopped and injured by police officers on the scene. The defendant was charged with, inter alia, assault in the second degree and obstructing governmental administration in the second degree, and Nicholas was charged under the same indictment with obstructing governmental administration in [*2]the second degree and two counts of operating a motor vehicle while under the influence of alcohol.
At an arraignment on November 27, 2018, attorney Brandon Ozman advised the County Court that he was representing both the defendant and Nicholas because they were "united in interest." Thereafter, at a joint plea hearing on March 5, 2019, Ozman again appeared as counsel for both the defendant and Nicholas, noting that his clients "are a bit confused" as to the terms of a plea offer. Ozman then indicated that the plea offer was for (1) Nicholas to plead guilty to one count of operating a motor vehicle while under the influence of alcohol (a misdemeanor), with a conditional discharge and penalties including revocation of his driver license; and (2) the defendant to plead guilty to attempted assault in the second degree (a class E felony) and obstructing governmental administration in the second degree (a class A misdemeanor), with a one-year term of probation, and that at the expiration of the one-year period, the defendant would be permitted to withdraw his plea to the felony offense and receive a conditional discharge on the misdemeanor offense. Ozman then requested time to speak with his clients "to make sure they both understand" the terms of the plea.
In an affidavit submitted by the defendant, he stated that during a recess, Ozman allegedly advised the defendant that the People would allow Nicholas to plead guilty to one count of driving while under the influence of alcohol "in full satisfaction of all charges against [Nicholas] if [the defendant] accepted a plea to a count of attempted assault on a police officer." The defendant further averred that he "expressed . . . misgivings" to Ozman and that he "did not wish to take a plea," but Ozman assured him that "the People would withdraw their positive disposition of the charges against [Nicholas] if [the defendant] did not agree to this plea," since "the plea was a package deal." The defendant also attested that although he never assaulted a police officer and was himself the victim of an assault by several officers, he reluctantly accepted the plea offer "to benefit [his] son" after Ozman "emphasized the benefit to [Nicholas] of the plea."
Following the recess, the County Court asked the defendant if he had spoken to his attorney about pleading guilty and was satisfied with the services of his attorney, and the defendant answered both questions in the affirmative. The court then advised the defendant, among other things, that by pleading guilty, he was giving up the right to a jury trial, and confirmed that the defendant "had enough time to speak to [his] lawyer." The defendant then entered a plea of guilty, answered in the affirmative when asked if he was pleading guilty because he was, in fact, guilty, and answered in the negative when asked if "anyone threatened or forced [him] to plead guilty" or if "anyone other than the Court made [him] any promises in return for [the] plea of guilty" other than those "heard on the record." The court found that the defendant's plea was knowing, intelligent, and voluntary, and accepted the defendant's plea.
At the close of the plea proceeding, the County Court instructed the defendant that the terms of his plea included a requirement to cooperate with the probation department, including "being truthful with them about the facts and circumstances in the case." The court warned the defendant that a violation of any terms of the plea "will result in me not having to be bound by my promises to you today."
Thereafter, the defendant, represented by new counsel, moved, in effect, pursuant to CPL 220.60(3) to withdraw his plea of guilty, asserting in his supporting affidavit that he did not assault a police officer, but rather that he was assaulted by police officers during the incident, and that he had informed his attorney he did not wish to enter a plea of guilty, but only did so under encouragement by Ozman to benefit his son. The defendant also asserted that Ozman coerced him to take the plea by stating that if he did not take the plea, it was "very likely" Nicholas "would face 'jail time.'" In an order dated July 23, 2019, the County Court denied the defendant's motion, in effect, to withdraw his plea.
At sentencing on January 23, 2020, the defendant acknowledged that he maintained his innocence when he was interviewed by the probation department, despite his promise at the plea proceeding to "cooperate with the Probation Department," but stated that "I had to do it for my son" with reference to taking the plea. The County Court found that the defendant violated the terms of [*3]his plea by maintaining his innocence, and thereupon imposed an "enhanced sentence" of concurrent terms of six months' imprisonment on each of the defendant's convictions. The defendant appeals.
"The decision to permit a defendant to withdraw a previously entered plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jemmott, 125 AD3d 1005, 1006; see CPL 220.60 [3]). Generally, "such a motion must be premised upon [such] evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530). While "bare and unsubstantiated claims of coercion or duress, without more, are insufficient to warrant vacatur of a guilty plea . . . , vacatur may be warranted where the record substantiates a defendant's claim that a guilty plea was motivated, at least in part, by some unduly coercive circumstance" (People v Hollmond, ___ AD3d ___, ___, 2020 NY Slip Op 07222, *7-8 [2d Dept] [citations omitted]). In addition, vacatur of a plea is warranted where the defendant demonstrates "a significant possibility of a conflict of interest . . . bearing a substantial relationship to the conduct of the defense" arising from joint representation of the defendant and another individual (People v Recupero, 73 NY2d 877, 879).
Here, the record as a whole demonstrates that the defendant's plea of guilty was motivated, at least in part, by coercive circumstances. The defendant averred, inter alia, that Ozman urged him to plead guilty despite his protestations of innocence because it was "very likely" that Nicholas would otherwise "face 'jail time.'" The record also reflects that the favorable terms of Nicholas' plea offer were conditioned upon the defendant entering a plea of guilty as part of the same plea agreement (see generally People v Hollmond, ___ AD3d at ___, 2020 NY Slip Op 07222, *10). Moreover, the defendant demonstrated a significant possibility of a conflict of interest arising from Ozman's joint representation of the defendant and Nicholas. The defendant's maintenance of his innocence was at odds with Ozman obtaining a favorable plea offer for Nicholas as part of the "package deal," which also required the defendant to enter a plea of guilty (see People v Oritz, 83 AD2d 985). Thus, the record suggests that the defendant's plea of guilty was induced by consideration other than his desire to obtain more favorable sentencing for himself, and that the defendant was deprived of representation that was "singlemindedly devoted to his best interests as required by both the Constitution of the United States and the New York State Constitution" (People v Hill, 172 AD3d 1095, 1096; cf. People v Rowe, 277 AD2d 403).
In light of our determination, we need not reach the defendant's remaining contentions.
Accordingly, the defendant's motion, in effect, pursuant to CPL 220.60(3) to withdraw his plea of guilty is granted, the plea of guilty is vacated, and the matter is remitted to the County Court, Orange County, for further proceedings on the indictment.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court