People v Taylor (2023 NY Slip Op 00005)

People v Taylor

2023 NY Slip Op 00005

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

112316
[*1]The People of the State of New York, Respondent,
v
Melvin Taylor Jr., Appellant.

Calendar Date:November 14, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Aaron A. Louridas, Delmar, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered December 13, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant was indicted on three counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The People extended an offer to defendant to plead guilty to the reduced charge of criminal possession of a controlled substance in the fifth degree in satisfaction of the indictment, waive his right to appeal and be sentenced to a prison term of 1½ years followed by two years of postrelease supervision. At the time, defendant was serving a sentence on an unrelated felony conviction and, in connection therewith, was participating in a drug treatment program. Defendant pleaded guilty to the reduced charge of criminal possession of a controlled substance in the fifth degree and purportedly waived his right to appeal. Defendant subsequently moved to withdraw his plea, premised on, among other things, his innocence and coercion. County Court denied the motion and, thereafter, sentenced defendant, as a second felony offender, to the agreed-upon sentence. Defendant appeals.
Defendant contends that his waiver of the right to appeal is invalid and that his guilty plea was not knowingly, voluntarily and intelligently entered. Regardless of the validity of his appeal waiver, defendant's challenge to his guilty plea is not precluded (see People v Goodwalt, 205 AD3d 1070, 1072 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]) and is preserved by his unsuccessful motion to withdraw his plea (see People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]). With regard to the voluntariness of the plea, defendant contends, among other things, that he was coerced into pleading guilty because County Court impermissibly linked his continued participation in a drug treatment program in connection with an unrelated felony conviction to his instant guilty plea.[FN1] We disagree.
"It is well settled that, in order to be valid and enforceable, a guilty plea must be entered voluntarily, knowingly and intelligently" (People v Brown, 14 NY3d 113, 116 [2010] [citation omitted]). Further, "[a] guilty plea is voluntary only if it represents an informed choice freely made by [a] defendant among other valid alternatives" (id.; accord People v Hollmond, 191 AD3d 120, 136 [2d Dept 2020]), and it may not "be coerced, either by actual physical compulsion, threats and the like or 'by the duress of circumstances'" (People v White, 32 NY2d 393, 399 [1973], quoting People v Flowers, 30 NY2d 315, 317 [1972]). "While bare and unsubstantiated claims of coercion or duress, without more, are insufficient to warrant vacatur of a guilty plea, vacatur may be warranted where the record substantiates a defendant's claim that a guilty plea was motivated, at least in part, by some unduly coercive [*2]circumstance" (People v Wentland, 191 AD3d 704, 707 [2d Dept 2021] [internal quotation marks, ellipsis and citations omitted], lv denied 36 NY3d 1124 [2021]; see People v Flowers, 30 NY2d at 318-319; People v Grant, 61 AD3d 177, 183 [2d Dept 2009]).
A review of the record does not substantiate defendant's contention that his decision to plead guilty was motivated, at least in part, by an unduly coercive condition. There is no dispute that, if defendant opted to plead guilty at his appearance in September 2019, he would be remanded back to the Department of Corrections and Community Supervision (hereinafter DOCCS) and it was presumed that, by doing so, he would be able to complete the last few days of the drug treatment program that he was currently participating in. In the alternative, if defendant chose not to plead guilty, he would be remanded to jail in Broome County to await trial approximately 10 days later.[FN2] Notably, the record reveals that defendant opted to accept the very favorable plea deal prior to any mention of being returned to DOCCS for completion of the drug treatment program. Specifically, at the commencement of the court appearance the plea offer was placed on the record and defense counsel asked for a brief recess to speak with defendant. County Court granted the request. Once back on the record, defense counsel stated that defendant wanted to accept the plea offer. Another recess was then taken as the People did not have a necessary second felony offender statement. Once back on the record, the court informed defendant that there had been a brief conference and defendant's counsel inquired as to whether the court would order "judicial shock" on the instant conviction. The court explained that defendant "should not plan on that happening." It was only then that the court informed defendant that, if he entered a plea that day, the court would grant a lengthy adjournment for sentencing and allow defendant to return to DOCCS for the purpose of completing the drug treatment program. Defendant indicated his understanding and the plea colloquy commenced.
During the plea colloquy, defendant indicated that he had had enough time to discuss the plea offer with his attorney. When asked if anyone had "forced . . ., coerced
. . ., pressured . . ., [or] sort of twisted [his] arm in any way . . . to accept" the plea offer, defendant twice responded in the negative. He also indicated that he was accepting the plea offer "freely and voluntarily." The record of the "lengthy and detailed" plea allocution is devoid of any evidence of "hesitancy about the plea [defendant] was entering" (People v Fiumefreddo, 82 NY2d 536, 546 [1993]). Defendant then "admitted to [County Court], forthrightly and with no suggestion of reluctance" (id.; see People v Davis, 187 AD3d 1291, 1292 [3d Dept 2020]), to having "knowingly and unlawfully possess[ed] [crack cocaine] with intent to sell it." We also note that included in the record is an email from defendant's [*3]counsel in August 2019 in which she communicated to the People that her client was willing to plead guilty. It is clear from this communication that there were still details to be ironed out, but we find it significant that, a month prior to his court appearance, defendant evinced the intent to plead guilty. In light of the foregoing, defendant's suggestion that his desire to be remanded to DOCCS custody for completion of the drug treatment program strongly influenced him to accept the guilty plea is unpersuasive as there is evidence in the record that he wished to accept a plea prior to being informed that, if he did, he would be immediately returned to DOCCS custody rather than held in the Broome County jail. Accordingly, we find defendant's plea to be knowingly, intelligently and voluntarily entered and decline to disturb it (see People v Fiumefreddo, 82 NY2d at 547; People v Jeffery, 195 AD3d 1039, 1041 [2d Dept 2021], lv denied 37 NY3d 1027 [2021]; People v Davis, 187 AD3d at 1293; People v Walters, 183 AD3d 765, 766 [2d Dept 2020]).
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant also alleges that, when he pleaded guilty, he was unaware of a potential issue with the grand jury proceeding such that his plea was not knowing, voluntary and intelligent. This allegation lacks merit inasmuch as, prior to putting the plea offer on the record, County Court referenced an issue with a confidential informant called by the People at grand jury and that defendant's counsel and the People had submitted legal arguments to the court regarding this issue, which had not yet been decided.

Footnote 2: The record is devoid of any evidence that, if defendant chose not to plead guilty and instead go to trial, upon his return to DOCCS custody at the completion of his trial he would not be permitted to complete the remaining days of his drug treatment program.